In the Matter of JAMES EDWIN McGINNISS, an Attorney, Respondent. QUEENS COUNTY BAR ASSOCIATION, Petitioner.

Second Department, July 25, 1969.

*Charles J. W. Meisel* for petitioner.

*James Edwin McGinniss,* respondent in person.

*Per Curiam.* The Justice of the Supreme Court to whom the issues herein were referred having submitted his report to this court, the petitioner now moves to confirm the report. The report has found the respondent guilty of professional misconduct as follows: (1) at a title closing, the respondent, on behalf of a client, issued to a corporation his personal check for $360.62, which was dishonored, and he did not " make good " that amount until more than two and a half months later, and then only after complaint had been made against him to the petitioner's Committee on Grievances; and (2) the respondent violated the terms of an escrow arrangement, under which he was to deposit a client's $2,120 in cash in his special bank account pending her further " instructions ", in that, after making such deposit, he converted the money to his own use and ignored the client's repeated demands therefor until after she had lodged a complaint with the petitioner Bar Association.

The respondent has submitted no papers in opposition to the motion to confirm.

With respect to the charge concerning the $360.62 check, the evidence adduced at the hearing disclosed that the respondent advised the payee to deposit his check, apparently anticipating that a check for the same amount, which the respondent had received from his client, would cover it; that after his check was dishonored the respondent advised the payee to redeposit the check and that again it was dishonored; that the respondent failed to make good on the check until more than two and one half months later, after complaint had been made against him to the petitioner's Committee on Grievances; and that the respondent had been " admonished " by said committee for his conduct.

Insofar as the charge as to the $2,120 is concerned, the record amply demonstrates that the respondent (a) failed to comply with the terms of the escrow agreement; (b) failed to return his client's funds promptly on demand; and (c) converted the funds to his own use. Moreover, the respondent's professional

misconduct is aggravated by the fact that his client, a 73-year-old widow, who had known him since 1940, had trusted him " implicitly " and entrusted her money to him because of robberies which had occurred in the apartment house in which she resided and from which she was arranging to move. Furthermore, although we do not base our decision on this showing, it appears from the record, and was found in the report, that the respondent "wilfully and deliberately testified falsely in denying that he had converted to his own use the funds which had been entrusted to him " by his client.

The charges were fully sustained by the proofs and, accordingly, the report, finding that the charges were established, should in all respect be confirmed.

The petitioner's motion to confirm the report is granted. The respondent is adjudged guilty of serious professional misconduct and is disbarred from the further practice of law, effective forthwith.

CHRIST, Acting P. J., BENJAMIN, MUNDER, MARTUSCELLO and KLEINFELD, JJ., concur.

Motion granted; report confirmed; and respondent disbarred, effective forthwith.